UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONNA L. FRIEDEBERG,

                Plaintiff,

-against-

THE ORTHO GROUP,

                Defendant.

25-CV-4049 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se* and *in forma pauperis* ("IFP"), brings this action against the Ortho Group, a company that manufactures lawn care products, claiming that it is "controlled" by the Roman Catholic Church. (ECF 1 at 1.) The Court dismisses the complaint for the reasons set forth below.

### STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff purchased a two gallon container of "Ortho GROUNDCLEAR" to "remove all vegetation, grass" to prepare for "totally re-landscaping" her yard. (ECF 1 at 2.) She followed the directions on the container and "sprayed a very large area of her yard," but the next day "all the vegetation in the sprayed area was still alive, healthy, and very green." (*Id.*) This made Plaintiff "angry," and she thought about suing the Ortho Group. (*Id.*) Two more days went by "with no results," and Plaintiff "made more noise inside her house about a law suit." (*Id.*) The day after that, "low and behold, everything in the sprayed area was dead." (*Id.* at 3.) According to Plaintiff:

> someone directed by the Roman Catholic psychiatrist, not a real psychiatrist, who listens to [Plaintiff's] house 24 hours a day, came during the night and sprayed the area she had sprayed with Roundup, a herbicide she had used and which did kill the vegetation in the 3 hours that it claimed to be effective in.

(*Id.*)

Plaintiff claims that the Roman Catholic Church hires "Roman Catholic Hispanic" males to "spray a potentially hazardous substance on the homeowner's yard" because they "will have up to 10 children each to assist in the population expansion of the church to take over the U.S. with it as the only religion." (*Id.*) Plaintiff asserts that Defendant is violating her "First Amendment rights not to be forced or forcefully induced, to subsidize a religion she abhors," and also "fraudulent[ly] misrepresent[ed]" its product, for which she paid $50. (*Id.* at 4.) Plaintiff

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

seeks to have Judge Furman, who sits in this district, "calculate the damage also done nationally to all non-Roman Catholics" who used the product. (*Id.*)

## DISCUSSION

**A.     Plaintiff's claims**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). A court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint is premised upon her belief that the Roman Catholic Church controls a company that manufacturers lawn care products, and that a church psychiatrist directed someone to treat her lawn when she made "noise" about suing Defendant. (ECF 1 at 3.) A "[p]laintiff's beliefs − however strongly [she] may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for her assertions. *See Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in

"exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

The Court finds that Plaintiff does not provide any plausible factual support for her claims and that the allegations rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff's conclusory allegations are not plausible and must be dismissed as frivolous. *See, e.g., Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where allegations were "irrational and wholly incredible").

**B.      Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**C.     Warning**

Plaintiff has filed numerous cases that have been dismissed *sua sponte*.[2] Plaintiff is warned that if she continues to abuse the privilege of proceeding IFP by filing meritless complaints, the Court may order her to show cause why she should not be barred from proceeding IFP in this Court without prior permission.

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). If Plaintiff continues to abuse the privilege of proceeding IFP, the Court may order her to show cause why she should not be barred from proceeding IFP in this court without prior permission.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   September 2, 2025
         New York, New York

                                              *Louis L. Stanton*
                                              Louis L. Stanton
                                              U.S.D.J.

---

[2] *See, e.g., Friedeberg v. Share Info Consultant Serv. LLC*, No. 25-CV-3999 (LLS) (S.D.N.Y. June 25, 2025) (dismissing complaint as frivolous and listing other cases dismissed on the merits).